**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------X
IZZET AKYAR,

               Plaintiff,

v.

                                               Civil Action No. 18 Civ. 379 (VSB)

TD BANK, N.A., and
AMANDA MAJOR, individually and
in her official capacity,

               Defendants.
-------------------------------------------------X


**<u>REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT</u>**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................................1

ARGUMENT .........................................................................................................1

I.       PLAINTIFF'S § 1981 CLAIM FAILS .......................................................2

         A.       Plaintiff fails to allege that he is a member of a class protected under § 1981........2

         B.       Plaintiff fails to allege any evidence giving rise to an inference of discrimination.3

II.      PLAINTIFF'S TITLE II CLAIM FAILS ...........................................8

III.     PLAINTIFF'S NYSHRL CLAIM FAILS ..........................................9

IV.      PLAINTIFF'S ARTICLE 1, § 11 CLAIM FAILS ...........................10

CONCLUSION.....................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Conboy*,
 156 F.3d 167 (2d Cir. 1998)...................................................................................2

*Belabbas v. Inova Software Inc.*,
 2017 WL 3669512 (S.D.N.Y. Aug. 24, 2017)......................................................2

*Biswas v. City of New York*,
 973 F. Supp. 2d 504 (S.D.N.Y. 2013).................................................................10

*City of Los Angeles v. Lyons*,
 461 U.S. 95 (1983).................................................................................................9

*Colon v. City of New York*,
 2018 WL 740992 (S.D.N.Y. Feb. 6, 2018)...........................................................6

*Denny v. Elizabeth Arden Salons, Inc.*,
 456 F.3d 427 (4th Cir. 2006) .................................................................................9

*Dove v. Fordham University*,
 56 F. Supp. 2d 330 (S.D.N.Y. 1999).....................................................................3

*Dozier v. Deutsche Bank Trust Co. Americas*,
 2011 WL 4058100 (S.D.N.Y. Sept. 1, 2011)........................................................3

*Hatcher v. Servis First Bank*,
 2016 WL 7336403 (N.D. Ala. Dec. 19, 2016)......................................................8

*James v. American Airlines, Inc.*,
 247 F. Supp. 3d 297 (E.D.N.Y. 2017) ...............................................................8, 9

*JM Adjustment Services, LLC v. J.P. Morgan Chase Bank, N.A.*,
 2016 WL 3913712 (E.D. Mich. July 20, 2016) ....................................................4

*JM Adjustment Services, LLC v. J.P. Morgan Chase Bank, N.A.*,
 2018 WL 1168940 (E.D. Mich. Mar. 6, 2018) ...............................................4, 5, 6

*Keating v. Carey*,
 706 F.2d 377 (2d Cir. 1983)...................................................................................2

*Keys v. Humana, Inc.*,
 684 F.3d 605 (6th Cir. 2012) .................................................................................3

*Korova Milk Bar of White Plains, Inc. v. PRE Properties, LLC*,
2013 WL 417406 (S.D.N.Y. Feb. 4, 2013)..................................................................7

*Lewis v. Roosevelt Island Operating Corp.*,
246 F. Supp. 3d 979 (S.D.N.Y. 2017).......................................................................9

*Life for Relief & Development v. Bank of America N.A.*,
2015 WL 5729082 (E.D. Mich. Sept. 30, 2015)........................................................2

*Life for Relief & Development v. Charter One Bank, N.A.*,
2013 WL 3810255 (E.D. Mich. July 23, 2013) ..........................................................3

*Lizardo v. Denny's, Inc.*,
270 F.3d 84 (2d Cir. 2001).............................................................................3, 4, 8

*Lown v. Salvation Army, Inc.*,
393 F. Supp. 2d 223 (S.D.N.Y. 2005).....................................................................10

*Nadesan v. Citizens Financial Group*,
673 F. App'x 47 (2d Cir. 2016) ...............................................................................2

*Newman v. Piggie Park Enterprises, Inc.*,
377 F.2d 433 (4th Cir. 1967) ...................................................................................8

*Northwest Airlines, Inc. v. FAA*,
795 F.2d 195 (D.C. Cir. 1986) .................................................................................9

*People v. Kern*,
554 N.E.2d 1235 (N.Y. 1990)................................................................................10

*Schroedel v. New York University Medical Center*,
885 F. Supp. 594 (S.D.N.Y. 1995) ..........................................................................9

*Soliman v. City of New York*,
2017 WL 1229730 (E.D.N.Y. Mar. 31, 2017).........................................................10

*Vinokur v. Sovereign Bank*,
701 F. Supp. 2d 276 (E.D.N.Y. 2010) ......................................................................7

*Wiltshire v. Dhanraj*,
421 F. Supp. 2d 544 (E.D.N.Y. 2005) ......................................................................3

**Constitutional Provisions, Statutes, Codes, and Regulations**

42 U.S.C. § 2000a(b) ................................................................................................8

42 U.S.C.A. § 2000a(b)(2)..........................................................................................8

42 U.S.C. § 1981.......................................................................................................2

New York State Constitution Article 1 § 11 ..................................................................................10

**Other Authorities**

TD Securities, "Rates, FX & Commodities Research: From Canada to Asia Pacific,"
   https://www.tdsecurities.com/tds/content/Res_Research?language=en_CA (last visited Mar.
   5, 2018) ............................................................................................................................................5

Defendants TD Bank, N.A. ("TD Bank" or the "Bank") and Amanda Skeldon (neé Major) respectfully submit this reply brief in further support of their motion to dismiss Plaintiff Izzet Akyar's First Amended Complaint ("FAC").

## INTRODUCTION

Nothing in Plaintiff's opposition alters the fact that the FAC does not come close to raising a plausible inference of discrimination, and to the contrary, his opposition presses two decidedly non-discriminatory rationales for the account closures: his membership in the Gulenist movement and the Bank's response to a directive from the Department of Justice.

Plaintiff's discrimination claim appears to be premised on his (mistaken) beliefs that the Bank (1) only closes accounts when a customer violates its terms and conditions or uses the account to conduct illegal activities, and (2) must provide a "specific reason" to the customer for the account closure.  Opp. at 2.   As explained in Defendants' motion to dismiss, federal law requires banks to develop compliance programs to evaluate customers and monitor accounts for various reasons including risk.  The Bank's decision to close the accounts without providing a "specific reason" to Plaintiff is entirely consistent with its authority and Plaintiff's account agreement, which states that the Bank may close his account "for any reason, or no reason." Exhibit 1 to the Declaration of Michelle Nicole Diamond, Personal Deposit Account Agreement (Dkt. 20-1), at 24.

The FAC should be dismissed.

## ARGUMENT

As set forth in Defendants' opening brief, Plaintiff does not allege facts that even *suggest* that Defendants discriminated against him, and instead alleges facts that squarely contradict any inference of discrimination.  None of Plaintiff's arguments in opposition salvage any of the claims; like the FAC, his brief instead refutes any such inference.

1

## I.   PLAINTIFF'S § 1981 CLAIM FAILS

### A.   Plaintiff fails to allege that he is a member of a class protected under § 1981

In response to Defendants' argument that Plaintiff does not sufficiently allege membership in a class protected under Section 1981, Plaintiff tries to cloud the issue by asserting that "discrimination on the basis of an individual being Turkish is cognizable" under the statute. Opp. at 4.  Section 1981 is not so broad.  As the cases Plaintiff cites in his opposition make clear, "Section 1981 provides a cause of action for discrimination on the basis of race, which includes 'ancestry or ethnic characteristics,' but *not* for discrimination based 'solely on the place or nation of the plaintiff's origin.'" *Belabbas v. Inova Software Inc.*, 2017 WL 3669512, at *5 (S.D.N.Y. Aug. 24, 2017) (quoting *Nadesan v. Citizens Fin. Grp.*, 673 F. App'x 47, 49 (2d Cir. 2016) (emphasis added; alteration omitted)).

Plaintiff does not sufficiently allege membership in a protected racial or ethnic group.  As Defendants argued in their motion to dismiss (at 7-8), the crux of Plaintiff's claim is that he was discriminated against because he is an individual of Turkish national origin who affiliates with the Gulenist Movement.  Plaintiff's opposition continues to assert the same.  *See, e.g.*, Opp. at 2 ("The unspoken reason that Defendants closed Plaintiff's bank accounts was because he is a Turkish person involved with the Gülen Movement.").  But Section 1981 does not protect national origin, *see Anderson v. Conboy*, 156 F.3d 167, 170 (2d Cir. 1998), or political association, *see Keating v. Carey*, 706 F.2d 377, 384 (2d Cir. 1983).

Plaintiff argues that in the FAC he "pointed to his race as being a Turk 'with ethnic affiliations related to the Gulenist movement'" (Opp. at 5), but the FAC is hardly clear on the point.  And the allegation in Plaintiff's original complaint that he is racially Arab directly contradicts his claim that he is racially and ethnically Turkish because "Turks are ethnically distinct from Arabs." *Life for Relief & Dev. v. Bank of Am., N.A.* 2015 WL 5729082, at *4 (E.D.

Mich. Sept. 30, 2015).  The Court therefore "need not accept as true" the allegations that he is

racially and ethnically Turkish because they "conflict with [his] prior allegations."  *Dozier v.*

*Deutsche Bank Tr. Co. Americas*, 2011 WL 4058100, at *2 (S.D.N.Y. Sept. 1, 2011) (dismissing

plaintiff's second amended complaint).  Plaintiff's argument that "the initial inclusion of 'Arab'

is understandable" given "the nebulous definition of race under Section 1981" is unavailing.

Opp. at 6 n.2.  Plainly a person who is ethnically Turkish would not allege that he is racially

Arab because such identities are incompatible.

### B. Plaintiff fails to allege any evidence giving rise to an inference of discrimination

Whether or not Plaintiff has plausibly alleged membership in a protected group ultimately

makes no difference because the FAC does not come close to alleging that his account was

closed for that reason.  To survive dismissal, at a minimum Plaintiff must plead *some* facts

giving rise to an inference that Defendants intentionally discriminated against him based on his

race or ethnicity.  *See, e.g.*, *Wiltshire v. Dhanraj*, 421 F. Supp. 2d 544, 555 (E.D.N.Y. 2005) ("In

order to survive a motion to dismiss, 'the events of the intentional and purposeful discrimination,

as well as the racial animus constituting the motivating factor for the defendant's actions must be

specifically pleaded in the complaint.'" (quoting *Dove v. Fordham Univ.*, 56 F. Supp. 2d 330,

338 (S.D.N.Y. 1999))).  The complaint must allege "sufficient factual content to allow the Court,

armed with 'judicial experience and common sense' to 'draw the reasonable inference' that the

defendant intentionally interfered with or impaired the plaintiff's contractual right on the basis of

race." *Life for Relief & Dev. v. Charter One Bank, N.A.*, 2013 WL 3810255, at *1 (E.D. Mich.

July 23, 2013) (quoting *Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012)).  Yet here,

Plaintiff merely asserts that he was mistreated and "ask[s] the court to conclude that it must have

been related to … race." *Lizardo v. Denny's, Inc.,* 270 F.3d 84, 104 (2d Cir. 2001).  As the

Second Circuit has made clear, that "is not sufficient." *Id*.

Plaintiff relies on *JM Adjustment Services, LLC, v. J.P. Morgan Chase Bank, N.A.*, 2016

WL 3913712 (E.D. Mich. July 20, 2016) ("*JMA I*") to argue that he has alleged sufficient facts to

raise a plausible inference of discrimination.  That case is inapposite.  In declining to dismiss on

Rule 12(b)(6) grounds, the court there relied on several factors not plausibly alleged here,

including that (1) "other Chaldean and Arab-Americans made similar discrimination complaints

against Defendant during the relevant time period," (2) bank employees were "well aware" of the

plaintiffs' Chaldean and Arab ancestry, (3) plaintiffs had held bank accounts with Chase for over

20 years, and (4) the bank also terminated a ten-year long agreement under which plaintiffs

provided vendor services for the bank.  *See JMA I*, 2016 WL 3913712 at 5-6.  And although the

plaintiffs survived dismissal on those allegations, the *JMA* court more recently granted summary

judgment in favor of the defendant bank.  *See JM Adjustment Servs., LLC v. J.P. Morgan Chase

Bank, N.A.*, 2018 WL 1168940, at *7 (E.D. Mich. Mar. 6, 2018) ("*JMA II*").

Here, Plaintiff has not even plausibly alleged that Defendants were *aware* of his Turkish

background.  *See* Motion to Dismiss at 8.  Plaintiff claims that knowledge of his race, ethnicity,

and Gulenist affiliation can be inferred from the fact that TD Securities, London—a different

entity from TD Bank—published three articles (which do not mention Plaintiff) discussing

generally the Gulenists' political conflict with the Turkish government.  Opp. at 9.  Plaintiff also

asserts that his accounts were closed "[j]ust months" after the last of these articles, which span a

period of nearly three years, was published and within days of still unidentified online articles

connecting Plaintiff to the Gluenists and an FBI investigation into their monetary transactions.

*Id.* This is far too slender a reed on which to conclude that Defendants knew Plaintiff's race and ethnicity, let alone closed his account on that basis.[1]

Plaintiff's claim is premised on the fundamental misapprehensions that a bank will only close an account when a customer has violated the bank's terms and conditions or used his account to conduct illegal activities, and that a bank must provide a "specific reason" to explain a closure to the customer. Opp. at 2. As explained in Defendants' motion to dismiss, however, the statutes and regulations governing banks require them to evaluate customers and monitor accounts for risk. Banks are directed to decide their own "risk appetite." Banks are not required to wait until a customer has used his account to commit a crime to close a customer's account. *See, e.g.*, *JMA II*, 2018 WL 1168940, at *7 (bank was entitled to close accounts where plaintiffs' activity "gave the appearance" of potentially illegal activity despite plaintiffs' claim that they had not committed a crime). A bank is permitted to monitor accounts and to close any accounts that exceed its risk tolerance.

TD Bank has risk and compliance departments, among others, in which many employees, including but not only Ms. Skeldon, "manag[e] risk … in line with TD Bank's risk appetite." Opp. at 10 (quoting from Ms. Skeldon's LinkedIn profile). The fact that Ms. Skeldon works in a compliance function managing risk and signed Plaintiff's account closure letter does not support Plaintiff's claim that she personally discriminated against him. Nor does the fact that Plaintiff claims she signed a letter closing the account of "an anonymous payday lender"—whose racial and ethnic background Plaintiff does not even identify—support such a claim. *See id.* And the

---

[1]     Plaintiff's claim that TD Securities London's market commentary mentioning the Gulenists "would almost certainly be disclosed to all other entities to whom the knowledge could be pertinent" hardly merits a response. Opp. at 11-12. TD Securities Inc.—which is a different entity from TD Bank—publishes market commentary to subscribing clients that provides "a wide range of analytic research to help clients evaluate investment opportunities in fixed income, foreign exchange and commodities markets." TD Securities, "Rates, FX & Commodities Research: From Canada to Asia Pacific," https://www.tdsecurities.com/tds/content/Res_Research?language=en_CA (last visited Mar. 5, 2018).

fact that Plaintiff's account closure letter did not provide a "specific reason" for the action is entirely consistent with the account agreement, which states that the Bank could close the account "for any reason, or no reason." Ex. 1, Personal Deposit Account Agreement, at 24. None of this is remotely suggestive of discrimination on the basis of race or ethnicity.

Plaintiff next tries to bolster his case by claiming that similarly situated comparators whose accounts were not closed provide circumstantial evidence of discrimination. *See* Opp. at 12. But the FAC fails to allege anything that would allow the Court to infer that any comparators are similarly situated to Plaintiff. *See* Motion to Dismiss at 9. Contrary to Plaintiff's argument that he bears essentially no burden to provide allegations about similarly-situated comparators, courts routinely dismiss claims when the plaintiff fails to provide any "indication that they are similarly situated to h[im]." *See, e.g.*, *Colon v. City of New York*, 2018 WL 740992, at *6 (S.D.N.Y. Feb. 6, 2018) (dismissing complaint where plaintiff offered "no information about who these employees are, whether they were subject to the same schedules or regulations that she was," etc.). Plaintiff's argument appears to be merely that at least some non-Turkish, non-Gulenists must have held and "utilized" bank accounts that were not closed. Opp. at 12. That generic assertion does not remotely allege discrimination.

Finally, the FAC and Plaintiff's opposition proffer two non-discriminatory reasons for his account closure that contradict his discrimination claim. *First*, Plaintiff alleges that the Gulenists have been deemed a terrorist group by the Turkish government and are under investigation by the FBI for suspicious monetary transactions. *See* FAC ¶¶ 14, 24; *see also* Opp. at 13. Plainly, closing the account of an individual affiliated with a potential terrorist group and/or suspicious transactions, as banks are directed to do under federal law, is not discriminatory. *See, e.g.*, *JMA II*, 2018 WL 1168940, at *7 (closing plaintiffs' bank accounts and terminating their vendor

agreement based on "reputational risk" concerns was not discriminatory); *Vinokur v. Sovereign Bank*, 701 F. Supp. 2d 276, 289 (E.D.N.Y. 2010) (terminating plaintiff for violating bank's Bank Secrecy Act ("BSA") policies was legitimate, non-discriminatory reason). Plaintiff's opposition argues that "neither the Turkish government's labeling of the Gulen Movement nor the FBI's inspection of Gulenist transactions were pleaded in the FAC as being a reason for the termination of Plaintiff's bank accounts." Opp. at 13. But this misconstrues the FAC, which repeatedly alleges that the Bank closed Plaintiff's account because of his involvement with the Gulenists. *See* FAC ¶¶ 11, 25, 31, 32, 43, 44, 51, 60, 69. In any event, Plaintiff's argument misses the point: Regardless of whether Plaintiff affirmatively alleges a non-discriminatory motive, "a complaint that *sets forth* other possible motives for the alleged conduct … contradicts a claim of racial discrimination." *Korova Milk Bar of White Plains, Inc. v. PRE Props., LLC*, 2013 WL 417406, at *9 (S.D.N.Y. Feb. 4, 2013) (internal quotation marks omitted).

  *Second*, the FAC alleges that Defendants closed his bank accounts pursuant to "Operation Choke Point," a Department of Justice initiative, "in order to avoid any future issues with the Department." FAC ¶¶ 26, 31. Even assuming, as Plaintiff claims, that the Department initiated Operation Choke Point for discriminatory reasons, complying with government directives under threat of civil, regulatory, and criminal penalties is not discriminatory. *See, e.g.*, *Vinokur*, 701 F. Supp. 2d at 289 (terminating plaintiff who exposed bank to risk under the BSA was not discriminatory). Plaintiff's argument that that the "FAC plainly alleges that Defendants were not specifically pressured by the Department to terminate Plaintiff's accounts" (Opp. at 15) is belied by the FAC and his own opposition. *See* Opp. at 1-2 ("To incentivize banks into complying, the Department threatened its targets with subpoenas and civil monetary penalties.").

Because the FAC alleges no facts giving rise to an inference of discrimination, and instead proffers two plainly non-discriminatory reasons for his account closure, Plaintiff's § 1981 claim cannot survive Defendants' motion to dismiss.

## II.   PLAINTIFF'S TITLE II CLAIM FAILS

As explained in Defendants' opening brief, Plaintiff's Title II claim fails for three independent reasons.  *First*, Plaintiff does not allege any facts giving rise to a plausible inference of discrimination.  *See Lizardo*, 270 F.3d at 106 ("For the same reasons that the plaintiffs cannot prevail on their § 1981 claims, they cannot do so under § 2000a.").

*Second*, banks are not places of public accommodation under Title II.  Plaintiff cites no authority for the proposition that the Court "must find that Defendant T.D. Bank, N.A., constitutes as (*sic*) a place of public accommodation" (Opp. at 16), and courts that have addressed the question have held the opposite.  *See, e.g.*, *Hatcher v. Servis First Bank*, 2016 WL 7336403, at *3 (N.D. Ala. Dec. 19, 2016) (dismissing plaintiff's complaint, based on out-of-circuit case law, because "banks are not included in Title II's comprehensive list of public accommodations"); *James v. Am. Airlines, Inc.*, 247 F. Supp. 3d 297, 305 (E.D.N.Y. 2017) (dismissing Title II claim, absent precedent, because airplanes are not places of public accommodation).

Plaintiff cites *Newman v. Piggie Park Enterprises, Inc.*, 377 F.2d 433, 436 (4th Cir. 1967) for the proposition that courts should interpret Title II broadly.  *See* Opp. at 16.  *Newman* stands for no such general proposition.  There, the Fourth Circuit held that Title II—which explicitly applies to any "restaurant, cafeteria, lunch counter, soda fountain, or other facility principally engaged in selling food for consumption," 42 U.S.C.A. § 2000a(b)(2)—also applies to drive-in restaurants.  *Id.*  Banks are not identified as places of public accommodations under Title II, nor are they similar to any of the establishments that are covered by the statute.  *See* 42

8

U.S.C. § 2000a(b).  Moreover, as the Fourth Circuit more recently explained, "[Title II] sets forth a comprehensive list of establishments that qualify as a 'place of public accommodation,' … and in so doing excludes from its coverage those categories of establishments not listed." *Denny v. Elizabeth Arden Salons, Inc.*, 456 F.3d 427, 431 (4th Cir. 2006).

*Third*, Plaintiff has not sufficiently pled a claim for injunctive relief because he has not alleged any facts to demonstrate a "real and immediate threat of repeated injury."  *James*, 247 F. Supp. 3d at 305 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)).  Plaintiff's speculation that other Gulenists might continue to hold accounts with the Bank and have their accounts closed in the future or that he might "simply decide at a later date to again open an account with Defendants" (Opp. at 17-18) is too speculative to meet this standard, *id*. at 18.  *See Schroedel v. New York Univ. Med. Ctr.*, 885 F. Supp. 594, 599 (S.D.N.Y. 1995) (plaintiff failed to meet the standard for injunctive relief because "[t]he injury requirement will not be satisfied simply because a chain of events can be hypothesized in which the action challenged eventually leads to actual injury" (quoting *Nw. Airlines, Inc. v. FAA*, 795 F.2d 195, 201 (D.C. Cir. 1986))). Furthermore, Plaintiff has filed an individual action and therefore cannot establish entitlement to injunctive relief based on actions the Bank might take against *other* customers.  *See Lyons*, 461 U.S. at 105-106.

## III.    PLAINTIFF'S NYSHRL CLAIM FAILS

Plaintiff's New York State Human Rights Law ("NYSHRL") claim fails in substance for the same reason as his § 1981 claim:  Plaintiff has not pled any facts giving rise to a plausible inference of discrimination and instead affirmatively alleges non-discriminatory reasons for the account closure.  *See Lewis v. Roosevelt Island Operating Corp.*, 246 F. Supp. 3d 979, 988 n.3 (S.D.N.Y. 2017) (pleading requirements for NYSHRL discrimination claim are materially the same as those that apply to a § 1981 claim).

## IV.     PLAINTIFF'S ARTICLE 1, § 11 CLAIM FAILS

Likewise, Plaintiff's claim under Article 1, § 11 of the New York State Constitution fails because he does not allege that Defendants discriminated against him.  *See Lown v. Salvation Army, Inc.*, 393 F. Supp. 2d 223, 236 (S.D.N.Y. 2005).   Further, Article 1, § 11 does not provide a private right of action where, as here, alternative remedies are available under state or federal law.  The cases Plaintiff cites to the contrary are superseded by later-in-time precedent.  *See Biswas v. City of New York*, 973 F. Supp. 2d 504, 522 (S.D.N.Y. 2013) (collecting cases); *see also Soliman v. City of New York*, 2017 WL 1229730, at *9 (E.D.N.Y. Mar. 31, 2017).  Finally, this claim fails because Plaintiff cannot point to any authority declaring freedom from discrimination in banking to be a "civil right," *i.e.* a "right [] which appertain[s] to a person by virtue of his citizenship in a state or community."  *People v. Kern*, 554 N.E.2d 1235, 1241 (N.Y. 1990).  Plaintiff therefore cannot sustain a claim under Article I, § 11.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss the FAC pursuant to Rule 12(b)(6) with prejudice.

Dated:  April 12, 2018

Respectfully submitted,

/s/ David Sapir Lesser
David Sapir Lesser
Sharon Cohen Levin
Michelle Nicole Diamond
WILMER CUTLER PICKERING
  HALE AND DORR LLP
250 Greenwich Street
New York, NY 10007 USA
Tel.:  (212) 230-8851
Fax:  (212) 230-8888